UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM GUNN,

        Plaintiff,

v.                                                Case No. 05-CV-70819-DT
                                                Honorable Avern Cohn

OFFICER BRAGG, OFFICER W. STEWART,
ANDREW JACKSON, and R.U.M. POWELL,

        Defendants.
_____/

## ORDER OF DISMISSAL

This is a prisoner civil rights case for money damages under 42 U.S.C. § 1983. Plaintiff William Gunn is a state inmate at Mound Correctional Facility in Detroit, Michigan. He has been granted leave to proceed without prepayment of the filing fee.

Defendants are the following employees of the Michigan Department of Corrections at the Mound facility: correctional officers Bragg and W. Stewart; warden Andrew Jackson; and resident unit manager Powell. Plaintiff sues Bragg and Stewart in their personal capacities, but Jackson and Powell in both their personal and official capacities.

The complaint and exhibits allege that, on January 31, 2004, defendant W. Stewart searched plaintiff's cell and confiscated plaintiff's television and watch. The television was returned to plaintiff on February 7, 2004, but on February 28, 2004, defendant Bragg confiscated plaintiff's television because the numbers on it were altered and it was taped together. Defendant Powell determined at a subsequent

hearing that the television was contraband because it had been altered. Plaintiff contends that he was not afforded adequate notice of intent to conduct an administrative hearing on the matter and, therefore, he lacked adequate time to prepare a proper defense. In addition, plaintiff contends that state officials damaged his television when handling it, and they have refused to replace it. Plaintiff argues that defendants' conduct violated state policy and his constitutional right to due process.

To successfully establish a prima facie case under § 1983, plaintiff must prove that defendants acted under color of state law and deprived him of rights secured by federal law. Block v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)). When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal district court must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The pending complaint is frivolous, because the alleged violation of state policies and procedures is not a basis for granting relief under § 1983. Harrill v. Blount County, TN, 55 F.3d 1123, 1125 (6th Cir. 1995). Furthermore, plaintiff had no constitutionally protected liberty or property interest in a television, see Murphy v. Walker, 51 F.3d 714, 718 n. 8 (7th Cir.1995), and, therefore, no right to procedural due process. Clark v. Township of Falls, 890 F.2d 611, 620 (3d Cir. 1989). In addition, allegations of mere negligence fail to state a claim under § 1983. Daniels v. Williams, 474 U.S. 327, 328,

330-31 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 347-48 (1986).

To conclude, plaintiff has not shown that defendants deprived him of a federal right, privilege or immunity.  Therefore, his complaint lacks an arguable basis under law and is frivolous.  This action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  An appeal from this order would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962); <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 610-11 (6th Cir. 1997).

SO ORDERED.


Dated:  July 18, 2005
                       s/Avern Cohn
                       AVERN COHN
                       UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, July 18, 2005, by electronic and/or ordinary mail.

                       s/Julie Owens
                       Case Manager, (313) 234-5160